﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 191106-46467
DATE: May 29, 2020

ORDER

Service connection for tinnitus is granted. 

FINDING OF FACT

Resolving reasonable doubt in the Veteran’s favor, tinnitus had onset during service.

CONCLUSION OF LAW

The criteria for service connection for tinnitus are met. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (2019).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty from December 1959 to November 1963. The rating decision on appeal was issued in October 2019. In November 2019, the Veteran timely appealed this rating decision to the Board and requested the hearing lane.

In February 2020, the Veteran and his representative presented testimony via a videoconference hearing before the undersigned Veterans Law Judge.

1. Service connection for tinnitus is granted.

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (a) (2018). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called "nexus" requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Service connection may be granted for any disease initially diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d) (2019).

In addition, service connection for certain chronic diseases, including tinnitus, may be established on a presumptive basis by showing that the condition manifested to a degree of 10 percent or more within one year from the date of separation from service. 38 U.S.C. §§ 1101, 1112, 1113, 1131, 1137 (2012); 38 C.F.R. §§ 3.307, 3.309(a) (2019); Fountain v. McDonald, 27 Vet. App. 258, 271-72 (2015). Although the disease need not be diagnosed within the presumptive period, it must be shown, by acceptable lay or medical evidence, that there were characteristic manifestations of the disease to the required degree during that time. 38 U.S.C. §§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307, 3.309(a).

 

Additionally, for certain chronic diseases with potential onset during service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time. If chronicity in service is not established, a showing of continuity of symptoms after discharge may support the claim. 38 C.F.R. §§ 3.303 (b), 3.309 (2018); Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

In the October 2019 rating decision, the RO found that a present disability is shown. The Board is bound by this favorable finding. See AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07.

The remaining issues, then are whether there was an inservice injury or disease and whether there is a nexus of the current disability to service. 38 C.F.R. § 3.303; Holton, 557 F.3d at 1366. 

The Board finds that there was an in-service injury and disease. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.30(d). During the February 2020 Board hearing, the Veteran testified he was first exposed to noise during training. The Veteran described that training included simulation of war time with noise so loud he would get picked up off the ground. His training also included learning how to throw grenades which he stated exposed him to loud noise. He also testified he was exposed to loud noise for two years as a forklift driver, which was very loud. He stated he was not provided with hearing protection. The Veteran’s DD214 showed he served as a General Warehouseman. The Duty Military Occupational Specialty (MOS) Noise Exposure Listing indicates that this MOS has a low probability of noise exposure. Additionally, he described he was exposed to noise at the rifle range when firing the M1. The Board finds that the Veteran’s statements in this regard to be both competent and credible as such exposure is capable of lay observation and are consistent with the circumstances of his service. See 38 U.S.C. § 1154(a) (2012); Washington v. Nicholson, 19 Vet. App. 362, 368 (2005) (noting that a lay witness is competent to report to factual matters of which he or she has first-hand knowledge); Caluza v. Brown, 7 Vet. App. 498, 511 (1995) (noting that the credibility of a witness may be impeached by a showing of interest, bias, inconsistent statements, consistency with other evidence), aff’d, 78 F.3d 604 (Fed. Cir. 1996).

Additionally, the Board finds the evidence of record supports a finding of tinnitus during active duty. At an October 2019 VA examination, the Veteran reported that he first noticed tinnitus around 10 years ago, 2009. At the February 2020 Board hearing, the Veteran clarified his statement. He testified that he first noticed ringing in his ear while in service and by 2009 the ringing in his ears had worsened. The Board finds these statements competent and credible, as ringing in the ears is capable of lay observation and any inconsistency in the Veteran’s statements have been explained. See Washington, 19 Vet. App. at 368; Caluza, 7 Vet. App. at 511. Accordingly, the second element of service connection is met. 

The Board finds that the most probative evidence of record demonstrates that tinnitus has existed since service. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). The Veteran testified at the hearing that this tinnitus has existed since service, although it only became problematic when it worsened in 2009. As above, the Board assigns these statements both competent and credible, and thus assigns them significant probative value. See Washington, 19 Vet. App. at 368; Caluza, 7 Vet. App. at 511.

It is noted that an October 2019 VA examination report contained a negative nexus opinion. The VA examiner explained that the Veteran’s MOS had a low probability of hazardous noise exposure, he was not in any combat activity, and he worked around loud noise for nine years after separating from service. Further, the examiner stated the findings are mostly due to the fact the Veteran stated tinnitus started around 10 years ago, though the Veteran separated from service forty-six years prior to onset in 1963. The Board thus finds this supporting explanation to be inadequate, as it has determined above that the Veteran’s tinnitus began during active duty. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008) (noting that the central issue in determining probative value of a medical opinion is whether the examiner was informed of the relevant facts).

 

Under these circumstances, reasonable doubt is resolved in the Veteran's favor. As the evidence indicates that tinnitus had its onset during service, the Board finds that the criteria for service connection for tinnitus are met. See 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102.

 

 

K. MILLIKAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Braxton, Associate Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.